UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RONALD SANDERS, | : | |
| Petitioner, | : | Civ. No. 18-11944 (KSH) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | OPINION |
| Respondent. | : | |

**KATHARINE S. HAYDEN, U.S.D.J.**

I. INTRODUCTION

Petitioner is a federal prisoner proceeding *pro se* with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (*See* Pet., D.E. 1.)  For the following reasons, petitioner's § 2255 motion is denied and a certificate of appealability shall not issue.

II. FACTUAL AND PROCEDURAL BACKGROUND

According to the information in the Pre-Sentence Report ("PSR"), on July 14, 2014, officers with the Union Police Department ("UPD") observed an automobile registered to an individual with a suspended driver's license. (*See* PSR ¶ 11-14.)  The driver, later identified as petitioner, roughly matched the description for the registered owner, and the officer conducted a traffic stop.  Initially, petitioner gave a false name and said the car belonged to his cousin, Ron Sanders.  When the officers addressed the passenger, they saw a clear plastic bag on the floor behind the passenger seat, which appeared to contain bullets.  The officers removed both petitioner and the passenger from the vehicle.  After verifying petitioner's actual identity from his driver's license, the officers arrested him after discovering he was the subject of an outstanding arrest warrant.  Petitioner consented to a search of his car, which contained a loaded 9mm caliber semi-

automatic pistol bearing serial number TVY4368, 11 hollow-point bullets and one full metal jacket bullet.  They also found 180 paper folds containing a powered substance [that later tested positive for heroin], $4637 in cash, and a digital scale.  In a videotaped statement, petitioner admitted the firearm was his, that he possessed heroin for distribution, and that he had given a false name to the officers.

In February, 2016, petitioner signed a plea agreement in which he agreed to plead guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (D.E. 25-1 at 1.)  Schedule A stipulated that petitioner was a convicted felon and that he possessed the firearm in question in connection with another felony offense, possession with intent to distribute heroin.  The plea agreement had a limited appellate waiver:

> If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

Petitioner entered his plea before Judge Jose Linares on March 24, 2016.  (*See* Tr. Plea Hr'g, D.E. 25-2.)  He admitted under oath that he had discussed the plea agreement with his lawyer, understood its contents, and had voluntarily signed it.  (*See id.* at 7-9.)  Judge Linares then discussed the limited appellate waiver:

> THE COURT:  In your case you are reserving your right to appeal. However, in Paragraph 2 of Schedule A of your plea agreement, you say if I accepted one of those factual stipulations that you are agreeing to, you are agreeing that you had a prior conviction and in possession of a gun.  If I accept any of those things, you will not be able to appeal based on those things, but you are reserving your right to appeal otherwise.  [¶]  Do you understand that?
> MR. SANDERS:  Yes.
> THE COURT:  Did you discuss that with your lawyer?
> MR. SANDERS:  Yes.

(*See id.* at 16.)  At the conclusion of the hearing, Judge Linares made findings under which he accepted petitioner's guilty plea.

At sentencing, defense counsel raised various grounds for a departure from the advisory guidelines range of 110-120 months, as well as a variance under the 18 U.S.C. § 3553(a) factors. More specifically, counsel argued:

1. Petitioner's criminal history category score of VI was overstated.
2. Petitioner's record was comparatively less serious than his co-defendants.
3. A downward departure was warranted based upon petitioner's mental and emotional condition.
4. Petitioner's drug dependency warranted a downward departure.
5. Petitioner's family ties warranted a downward departure.
6. Even if none of the downward departures taken individually warranted a departure, collectively they did.
7. A variance was warranted based on the circumstance surrounding the vehicle stop and petitioner's willingness to accept responsibility.
8. A variance was warranted because the guidelines are draconian with respect to drug offenses.

Judge Linares denied the departure motions and arguments for a variance, and sentenced petitioner to 110 months, or the low-end of the guideline range.  Petitioner did not file a direct appeal.

On October 6, 2017, petitioner filed a letter in his criminal action stating an intention to file a § 2255 motion.  (*See* Crim. No. 16-33, D.E. 42.)  In May, 2018, he submitted another letter seeking to have his October, 2017 letter construed as a § 2255 motion.  (*See id.*, D.E. 44.)  In July, 2018, his October 6, 2017 letter was recharacterized as a § 2255 motion and opened under this new civil action number.  The matter was later assigned to this Court upon Judge Linares' retirement.  (*See* Civ. No. 18-11944, D.E. 1.)  (D.E. 36.)

All the claims in petitioner's § 2255 motion argue that Judge Linares abused his discretion at sentencing as follows:

1. Referring to the type of weapon underlying petitioner's conviction as an aggravating factor

3

2. Relying on drugs as a sentencing factor but failing to address the draconian nature drugs have in the guidelines
3. Not considering the September 21, 2016 sentencing memorandum
4. Focusing on the fact petitioner was not being sentenced as a career criminal
5. Not considering petitioner surrendered weapons to authorities
6. Considering petitioner's prior criminal record
7. Not considering petitioner's mental and emotional condition
8. Failing to consider the events of petitioner's arrest.

The § 2255 motion is fully briefed by the government's opposition and petitioner's rely (D.E. 25 and 41.)

### III.  LEGAL STANDARD

A motion to vacate, set aside or correct a sentence of a person in federal custody pursuant to 28 U.S.C. § 2255 entitles a prisoner to relief if "the court finds ... [t]here has been such a denial or infringement of the constitutional rights of the prisoner as to render judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). "In considering a motion to vacate a defendant's sentence, 'the court must accept the truth of the movant's factual allegations unless they are clearly frivolous based on the existing record.'" *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (quoting *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)) (citing R. Governing § 2255 Cases R. 4(b)).

### IV.  DISCUSSION

In opposition, the government argues that petitioner waived certain of his claims in the plea agreement; that the claims as a whole are procedurally barred; and that his arguments against his sentence were based on abuse of discretion, not a cognizable claim in a §2255 motion.  The latter two arguments are persuasive.

Claims other than ineffective assistance of counsel generally may not be brought in a § 2255 motion. *See United States v. Frady*, 456 U.S. 152, 162-63.  A petitioner can overcome procedurally defaulted claims by showing cause and prejudice.  *See Massaro v. United States*, 538

U.S. 500, 504 (2003).[1]  The petitioner bears the burden of proof, and "must clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166 (footnote omitted).

Petitioner states in his reply brief that counsel asked him whether he wanted to file an appeal to which petitioner responded "no." (*See* Reply Br., D.E. 41 at 10.)  Nevertheless, petitioner argues that his lawyer failed to tell him that he if did not file a direct appeal, his sentencing claims would be procedurally barred in any subsequent § 2255 motion.  (*See id.* at 11.)

The Court must first decide if this argument, raised only in the reply brief, may overcome any possible procedural default on petitioner's sentencing claims.  An attorney's failure to raise a claim on direct appeal can constitute cause to overcome procedural default, but only in the rare case where counsel's failure amounts to ineffective assistance of counsel in violation of the Sixth Amendment.  *See Hodge*, 554 F.3d at 379 (citation omitted).  To do that, the petitioner must first establish that counsel's performance fell below an objective standard of reasonableness.  *See Strickland v. Washington*, 466 U.S. 668 688 (1984).  Scrutiny of counsel's conduct must be "highly deferential." *See id.* at 689.

The second prong of the *Strickland* test requires a petitioner to affirmatively prove prejudice.  *See* 466 U.S at 693.  Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  Both prongs of the *Strickland* analysis must be met.

Even if this Court were to assume *arguendo* that counsel's performance fell below an objective standard of reasonableness when counsel did not inform petitioner his sentencing claims would be procedurally barred in any § 2255 motion, petitioner would still need to show he was

---

[1] While not impacted in this case, a petitioner can also overcome procedural default if he shows he is actually innocent. *See Parkin v. United States*, 565 F. App'x 149, 151 (3d Cir. 2014) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1988); *Hodge v. United States*, 554 F.3d 372, 378-79 (2009)).

prejudiced under the requisite *Strickland* standard. Because his sentencing claims are plainly meritless, he fails to show the necessary prejudice to warrant having his counsel's purported ineffectiveness overcome the procedural bar.

Examining the sentencing claims, the Court notes that under the familiar governing statute, 18 U.S.C. § 3553 (a), a sentencing judge must consider the nature and circumstances of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(1). The sentencing transcript reflects that Judge Linares plainly considered the § 3553(a) factors in arriving at petitioner's 110-month sentence, which turned out to be at the bottom of the advisory guidelines range. Petitioner complains Judge Linares abused his discretion in referring to the type of weapon and drugs as aggravating factors. But petitioner stipulated to both facts in his plea agreement. (*See* Plea Agreement, D.E. 25-1 at 8.) Petitioner's argument that Judge Linares abused his discretion by not considering a September 16, 2016 sentencing memorandum also appears to be belied by the record. Judge Linares indicated at sentencing that he "read every piece of paper that has been sent in connection with this matter." (*See* Sentencing Tr., D.E. 25-4 at 36.) Section 3553 (a)'s requirement that the defendant's "history and characteristics" be considered was met when Judge Linares properly noted petitioner's criminal history. Judge Linares also discussed petitioner's mental and emotional condition before arriving at his sentence. (*See id.* at 39-40.) This Court finds no conceivable error in how Judge Linares arrived at his low-end 110-month sentence, and, as a consequence, there is no basis to believe that a direct appeal on the sentencing claims asserted in this motion would have had a reasonable probability of success. Accordingly, petitioner fails to satisfy the *Strickland* standard to overcome the procedural default of not raising these claims on direct appeal.

Moving to the government's other argument, the Court agrees that these sentencing claims are not properly brought under § 2255. These are non-constitutional claims about a flawed sentence and may only be cognizable where the sentencing error or errors resulted in an omission inconsistent with the rudimentary demands of fair procedure *or* if a sentencing error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice[.]" *United States v. Folk*, 954 F.3d 597, 602 (3d Cir.) (footnote and citations omitted), *cert. denied*, 141 S. Ct. 837, 208 L. Ed. 2d 411 (2020).

The pertinent inquiry in this case is whether petitioner's sentence was the result of a fundamental miscarriage of justice. As above discussed, petitioner's claims solely related to Judge Linares' purported abuse of discretion at sentencing. But in *Folk*, the Third Circuit was explicit:

> So long as a district court considers the § 3553(a) factors and imposes a sentence within the statutory limits for an offense, the criminal proceeding will not be "infected with any error of fact or law of the 'fundamental' character." *See* [*United States v.*] *Addonizio*, 442 U.S. [178,] 186, 99 S. Ct. 2235 [(1979)]. Such a sentence is lawful and cannot be a complete miscarriage of justice.

*Folk*, 954 F.3d at 605. As discussed above, Judge Linares carefully considered the § 3553(a) factors and applied them in arriving at his low-end advisory guideline range sentence. This sentence was also certainly within the statutory limits. As such, petitioner fails to make any showing that his sentence constituted a complete miscarriage of justice, and his sentencing claims fail on the merits as well.

Petitioner also seeks in his reply brief to amend his § 2255 motion to include as a stand-alone separate habeas claim that counsel was ineffective for not telling him that his sentencing claims would be procedurally barred if he did not raise them on direct appeal. (*See* Reply Br., D.E. 41 at 9.) Initially, attempting to bring a new claim such as this in a reply brief is procedurally improper. *See, e.g., Salaam v. Brown,* No. 04–1617, 2006 WL 2056785, *6–*7 (D.N.J. July 21,

7

2006) (refusing to consider new claims raised in habeas petitioner's reply brief after expiration of § 2254 one-year limitations period).  Furthermore, for the following reasons, petitioner's attempt to bring this claim as a stand-alone separate habeas claim is time-barred.

Section § 2255(f) includes a one-year period in which a petitioner may file a request for relief, which runs form the latest of four specified events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence[.]

28 U.S.C. § 2255(f).  The only one of these provisions relevant in this case is § 2255(f)(1).

Petitioner did not file a direct appeal; accordingly, petitioner's judgment of conviction became final when the time for him to file an appeal expired, on October 28, 2016.  *See* Fed. R. App. P. 4(b)(1)(A)(i) (a criminal defendant's time to file a notice of appeal is fourteen days after the judgment is entered); *see also Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Petitioner had until October 28, 2017 to file a § 2255 motion.  As indicated previously, petitioner is deemed to have filed his original § 2255(f) motion timely, but this does not act to toll the applicable statute of limitations.  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (noting that an application for federal habeas corpus review "does not toll the limitation period); *see also Telfair v. Lynch*, No. 16-5085, 2016 WL 5109144, at *3 (D.N.J. Sept. 20, 2016) (relying on *Duncan* in holding that a pending § 2255 motion does not toll the statute of limitations).  This

separate stand-alone ineffective assistance of counsel claim did not emerge until December, 2019, when petitioner filed his reply brief.

Nevertheless, this new claim may be considered timely if it "relates back" to petitioner's original October, 2017 § 2255 motion, which means it needs to be tied to a common core of operative facts laid out in the original filing. *See United States v. Santarelli*, 929 F.3d 95, 101 (3d Cir. 2019). But again, this avenue is foreclosed because petitioner's initial filing focused on how Judge Linares conducted petitioner's sentencing and arrived at the 110-month sentence, not on his attorney's performance. Thus, this ineffective assistance of counsel claim does not "relate back" because it is not tied to a common core of operative facts in petitioner's original § 2255 motion. Petitioner's request to amend must be denied because the claim is time-barred.

## V.     CERTIFICATE OF APPEALABILITY

Petitioner is not entitled to a certificate of appealability. He has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), nor has he shown that jurists of reason would debate this Court was correct in its procedural rulings. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## VI.     CONCLUSION

For the foregoing reasons, petitioner's § 2255 motion and his request to amend his § 2255 motion are denied. A certificate of appealability shall not issue. An appropriate order will be entered.

DATED: August 31, 2021

s/ Katharine S. Hayden
KATHARINE S. HAYDEN
United States District Judge